UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
BEN FREEMAN, JR.,                        MEMORANDUM DECISION
                                                                   AND ORDER
                     Plaintiff,                       06 CV 1112 (GBD)

         -against-

JUSTIN R. TIMBERLAKE, individually,
JOSHUA S. (JC) CHASEZ, individually,
JAMES LANCE BASS, individually,
JOSEPH (JOEY) A. FATONE, individually,
CHRISTOPHER A. KIRKPATRICK,
individually and collectively d/b/a NSYNC,
NSYNC, INC., individually, ZEEKS, INC.,
individually, SKEEZ, LLC, individually,
ZOMBA RECORDING, LLC, individually,
ZOMBA ENTERPRISES, INC., individually,
ZOMBA US HOLDINGS, INC., individually,
PHARRELL WILLIAMS, individually,
CHAD HUGO, individually, THE NEPTUNES,
individually, CORNELL ("NELLY") HAYNES,
individually, EMI BLACKWOOD MUSIC INC.,
individually, EMI APRIL MUSIC, INC.,
individually, EMI MUSIC, INC., individually,
BMG MUSIC PUBLISHING NA, INC.,
individually, *et al.*,


                               Defendants.
------------------------------------------------------------------x
GEORGE B. DANIELS, District Judge:

        In a copyright infringement action, defendants are moving to dismiss the first amended complaint for failure to state a claim. Defendants argue that the plaintiff's claims for infringement of his sound recording is defective because the Copyright Act protects musical compositions, not sound recordings. Defendants further argue that dismissal of the state law claims is warranted as they are either preempted by the Copyright Act or insufficiently pled. In opposing defendants' motion, *pro se* plaintiff moves for leave to file another amended complaint.

Plaintiff submitted a proposed second amended complaint which does not assert any state law causes of action, and alleges defendants' infringement of his copyrighted musical composition.

Defendants do not oppose plaintiff's motion except to the extent that plaintiff purportedly seeks to assert an additional infringement claim relating to another musical composition entitled "Too Far Away," which was not referenced in the first amended complaint. Defendants argue that since a valid copyright registration is a prerequisite to the maintenance of a copyright infringement claim, and since plaintiff fails to allege he obtained a copyright registration for the song "Too Far Away," it would be futile to allow plaintiff to amend the complaint to plead this new infringement claim.

As in plaintiff's prior complaints, the proposed second amended complaint alleges that defendants' song, entitled "Girlfriend," is substantially similar, if not identical, to plaintiff's copyrighted song entitled "Be My Girlfriend." Notwithstanding defendants' contentions to the contrary, the proposed second amended complaint does not assert any causes of action arising from the alleged infringement of the song "Too Far Away." The proposed complaint does contain new factual allegations relating to this song. Such allegations merely serve to clarify and amplify the pleadings set forth in the first amended complaint.

The first amended complaint alleges that the infringing song "Girlfriend" was featured on a compact disc which also included "a song entitled 'Gone' which was written by Plaintiff as well." (1st Am. Compl. ¶ 33). In the proposed second amended complaint, plaintiff specifically alleges that defendants' song "Gone" is identical to plaintiff's song "Too Far Away." (Proposed 2nd Am. Compl. ¶ 21). Plaintiff additionally alleges that the songs "Be My Girlfriend" and "Too Far Away" were both presented to defendant "NSYNC to be heard for possible album

placement," and that these songs "were both liked by the Defendants." (Id. at ¶ 21). Despite the factual allegations relating to the similarity between the songs "Too Far Away" and "Gone," the proposed amended complaint clearly indicates that plaintiff's infringement claims are premised solely on the song "Be My Girlfriend." The proposed second amended complaint itself describes the nature of the action as follows:

> Reduced to its essence, Plaintiff is a music publisher, artist, and songwriter that owns and/or controls the copyright for the song "Be My Girlfriend" and this case involves the malicious, systematic, continuous, and ongoing use of that copyright without Plaintiff's authorization for reproduction, modification, performance, and public distribution for sale and profit and other forms of commercial exploitation by the Defendants. * * * Each and every day that goes by, Defendants are responsible for the infringement of Plaintiff's song 'Be My Girlfriend' throughout the United States and the world." (Id. at p.3).

The proposed second amended complaint neither asserts additional causes of action nor alters the theory of recovery set forth in the first amended complaint. Rather, it merely pleads the factual allegations with greater specificity. Moreover, the proposed amended complaint rectifies the claimed pleading deficiencies that formed the basis of defendants' motion to dismiss the first amended complaint. Accordingly, plaintiff's motion for leave to file a second amended complaint is granted. See, Fed.R.Civ.P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Defendants' motion to dismiss the first amended complaint is, therefore, denied as moot.

Dated: New York, New York
January 25, 2007

SO ORDERED:

George B. Daniels
GEORGE B. DANIELS
United States District Judge

3